# EXHIBIT C



**United States Patent and Trademark Office**                    **PATENTS**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

Patents > Search Collections > MPEP > 2173.05(e) Lack of Antecedent Basis [R-5] - 2100 Patentability

Go to **MPEP - Table of Contents**

**browse before**

# 2173.05(e) Lack of Antecedent Basis [R-5] - 2100 Patentability

### 2173.05(e) Lack of Antecedent Basis [R-5]

A claim is indefinite when it contains words or phrases whose meaning is unclear. The lack of clarity could arise where a claim refers to "said lever" or "the lever," where the claim contains no earlier recitation or limitation of a lever and where it would be unclear as to what element the limitation was making reference. Similarly, if two different levers are recited earlier in the claim, the recitation of "said lever" in the same or subsequent claim would be unclear where it is uncertain which of the two levers was intended. A claim which refers to "said aluminum lever," but recites only "a lever" earlier in the claim, is indefinite because it is uncertain as to the lever to which reference is made. Obviously, however, the failure to provide explicit antecedent basis for terms does not always render a claim indefinite. If the scope of a claim would be reasonably ascertainable by those skilled in the art, then the claim is not indefinite. >*Energizer Holdings Inc. v. Int'l Trade Comm'n*, 435 F.3d 1366, 77 USPQ2d 1625 (Fed. Cir. 2006)(holding that "anode gel" provided by implication the antecedent basis for "zinc anode");< *Ex parte Porter*, 25 USPQ2d 1144, 1145 (Bd. Pat. App. & Inter. 1992) ("controlled stream of fluid" provided reasonable antecedent basis for "the controlled fluid"). Inherent components of elements recited have antecedent basis in the recitation of the components themselves. For example, the limitation "the outer surface of said sphere" would not require an antecedent recitation that the sphere has an outer surface. See *Bose Corp. v. JBL, Inc.*, 274 F.3d 1354, 1359, 61 USPQ2d 1216, 1218-19 (Fed. Cir 2001) (holding that recitation of "an ellipse" provided antecedent basis for "an ellipse having a major diameter" because "[t]here can be no dispute that mathematically an inherent characteristic of an ellipse is a major diameter").

**EXAMINER SHOULD SUGGEST CORRECTIONS TO ANTECEDENT PROBLEMS**

Antecedent problems in the claims are typically drafting oversights that are easily corrected once they are brought to the attention of applicant. The examiner's task of making sure the claim language complies with the requirements of the statute should be carried out in a positive and constructive way, so that minor problems can be identified and easily corrected, and so that the major effort is expended on more substantive issues. However, even though indefiniteness in claim language is of semantic origin, it is not rendered unobjectionable simply because it could have been corrected. *In re Hammack*, 427 F.2d 1384 n.5, 166 USPQ 209 n.5 (CCPA 1970).

**A CLAIM TERM WHICH HAS NO ANTECEDENT BASIS IN THE DISCLOSURE IS NOT NECESSARILY INDEFINITE**

The mere fact that a term or phrase used in the claim has no antecedent basis in the specification disclosure does not mean, necessarily, that the term or phrase is indefinite. There is no requirement that the words in the claim must match those used in the specification disclosure. Applicants are given a great deal of latitude in how they choose to define their invention so long as the terms and phrases used define the invention with a reasonable degree of clarity and precision.

**A CLAIM IS NOT *PER SE* INDEFINITE IF THE BODY OF THE CLAIM RECITES ADDITIONAL ELEMENTS WHICH DO NOT APPEAR IN THE PREAMBLE**

The mere fact that the body of a claim recites additional elements which do not appear in the claim's preamble does not render the claim indefinite under **35 U.S.C. 112**, second paragraph. See *In re Larsen*, No. 01-1092 (Fed. Cir. May 9, 2001) (unpublished) (The preamble of the *Larsen* claim recited only a hanger and a loop but the body of the claim positively recited a linear member. The examiner rejected the claim under **35 U.S.C. 112**, second paragraph, because the omission from the claim's preamble of a critical element (i.e., a linear member) renders that claim indefinite. The court reversed the examiner's rejection and stated that the totality of all the limitations of the claim and their interaction with each other must be considered to ascertain the inventor's contribution to the art. Upon review of the claim in its entirety, the court concluded that the claim at issue apprises one of ordinary skill in the art of its scope and, therefore, serves the notice function required by 35 U.S.C. **112**, paragraph 2.).

**browse after**

KEY: 🌐=online business system  💲=fees  📝=forms  ❓=help  ⚖=laws/regulations  📖=definition
(glossary)

The **Inventors Assistance Center** is available to help you on patent matters. Send questions about USPTO programs and services to the **USPTO Contact Center (UCC)**. You can suggest USPTO webpages or material you would like featured on this section by E-mail to the **webmaster@uspto.gov**. While we cannot promise to accommodate all requests, your suggestions will be considered and may lead to other improvements on the website.

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

Last Modified: 12/18/2008 06:40:01

Go to **MPEP - Table of Contents**